IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**SHANNON PITEL**                                              **PLAINTIFF**

vs.                            No. 4:21-cv-1243

**CRYSTAL OUTPATIENT SURGERY**                  **DEFENDANT**
**CENTER LAKE JACKSON, INC.**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Shannon Pitel ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Crystal Outpatient Surgery Center Lake Jackson, Inc. ("Defendant"), she does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff makes this Complaint under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty per week.

2.    Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.    JURISDICTION AND VENUE

3.      The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      The acts complained of herein were committed and had their principal effect within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

6.      The witnesses to the overtime violations reside in this District.

7.       On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)–(c).

## III.    THE PARTIES

9.      Plaintiff is an individual and resident of Harris County.

10.     Defendant is a domestic, for-profit corporation.

11.     Defendant's corporate office is at 950 Threadneedle Street, Suite 280, Houston, Texas 77079.

12.     Defendant's registered agent for service is R. Scott Yarish, at 950 Threadneedle Street, Suite 280, Houston, Texas 77079-2938.

13.     Defendant maintains a website at http://www.crystalosc.com/.

## IV.    FACTUAL ALLEGATIONS

13.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14.    Defendant is a provider of outpatient surgical services.

15.    During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as medical supplies and equipment, and pharmaceuticals.

16.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.    Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

18.    Plaintiff worked for Defendant from approximately January of 2019 to the present as a Business Office Manager

19.    Within the relevant time period from May of 2020 until April 5, 2021, Plaintiff was classified by Defendant as a salaried employee, exempt from overtime wages.

20.    At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

21.    At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedule, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding her employment.

22.     As a Business Office Manager, Plaintiff's duties included opening the clinic in the morning, answering phone calls and texts, supervising the work of one employee, and revenue cycle management.

23.     Around January 1, 2021, Defendant hired another Business Office Manager and simultaneously removed Plaintiff's supervisory duties from her.

24.     During the course of her employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

25.     Plaintiff did not have the authority to hire or fire any other employee.

26.     Plaintiff did not have control or authority over any employee's rate of pay.

27.     Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

28.     Plaintiff did not have responsibility for planning or controlling budgets.

29.     Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

30.     Plaintiff sought input from her supervisor in lieu of making significant decisions on her own.

31.     Plaintiff does not have a terminal degree in accounting or any other field of study.

32.     Plaintiff is not a CPA.

33.     Plaintiff is a classic office worker, attending to routine office and reception duties.

34.     Plaintiff regularly worked more than forty hours per week during the relevant time period.

35.     Specifically, Plaintiff regularly up to 60 hours per week during the traditional work week. Additionally, Plaintiff regularly worked on Saturdays and Sundays, occasionally opening the clinic, preparing reports, and frequently receiving and answering calls and texts, for approximately 2 hours each weekend.

36.     Defendant did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

37.     Within the time period relevant to this case, Plaintiff was misclassified as exempt from the overtime requirements of the FLSA.

38.     At all relevant times herein, Defendant has deprived Plaintiff of sufficient overtime compensation for all of the hours she worked over forty per week.

39.     Plaintiff estimates she is owed $8,598.82 in unpaid overtime wages.

40.     Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     CAUSE OF ACTION—VIOLATION OF THE FLSA

41.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44.     At all relevant times, Defendant has been, and continues to be, an

enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45.     29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46.     During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

47.     Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

48.     Defendant failed to pay Plaintiff overtime wages in the approximate amount of $8,598.82.

49.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

50.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, an equal amount in liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shannon Pitel respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendant's practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

B.      Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C.      Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

D.      An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E.      Such other and further relief as may be deemed necessary and proper.

Respectfully submitted,

**PLAINTIFF SHANNON PITEL**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com